IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civ. Action No. 8:23-cv-00712-PX |
| SANTOS ADILIO, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending before the Court is Plaintiff Joe Hand Promotions, Inc. ("Joe Hand")'s motion for entry of default judgement. ECF No. 20. Defendants Santos Adilio ("Adilio"), Edwin Moreno ("Moreno"), and Carbonero, Inc. d/b/a El Carbonero Restaurant ("El Carbonero") have not responded to this motion, and the time for doing so has passed. *See* Loc. R. 105.2.a. The matter has been briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the motion for default judgment is granted in part and denied in part.

**I.      Background**

Joe Hand licenses and distributes televised sporting events to bars, restaurants, and other commercial establishments throughout the United States. *See* ECF No. 20-2 at 1. DAZN Limited, as the exclusive distributor of the televised boxing match between Canelo Alvarez and Dmitry Bivol on May 7, 2022 (the "Event"), granted Joe Hand the exclusive third-party license to distribute the Event to commercial establishments. *See id.* at 1–2. Joe Hand, in turn, sold access to the satellite transmission of the Event to establishments in exchange for a fee. ECF No. 20-5 ¶ 5. This licensing fee was calculated based on the size of the establishment and its maximum fire code occupancy. *Id.* ¶ 6.

1

To prevent establishments from displaying the Event without paying the licensing fee, Joe Hand hired VFT Solutions, Inc. ("VFT"), a company that uses a proprietary algorithm to identify businesses that broadcast programs online without a license. ECF No. 20-8 ¶¶ 3, 6. Relevant here, VFT determined that El Carbonero restaurant in Hyattsville, Maryland broadcasted the Event without a license. *Id.* ¶ 9. VFT in particular found a livestreamed video from the day of the Event, posted to the Facebook page for El Carbonero's in-house DJ, which depicted the Event playing in the restaurant with between 150 and 200 patrons present. *Id.* ¶¶ 9–12.

El Carbonero is owned by Defendants Adilio and Moreno. ECF No. 1 ¶ 9. Joe Hand alleges that Adilio and Moreno "were the individuals with supervisory capacity and control over the activities occurring within" El Carbonero at the time of the Event, that they exercised "close control" over the restaurant's internal operations, and that they "received a financial benefit" from the restaurant. *Id.* ¶¶ 10–12.

On March 16, 2023, Joe Hand filed suit against Adilio, Moreno, and El Carbonero for violations of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 & 605 (the "Communications Act"). ECF No. 1 ¶¶ 16–38. Joe Hand properly served Defendants, ECF Nos. 10, 11 & 12, but none have participated in the litigation. The clerk entered default on September 14, 2023, pursuant to Federal Rule of Civil Procedure 55(a), and notified Defendants by mail of the default. ECF Nos. 15–18.

On October 31, 2023, Joe Hand moved for default judgment as to all Defendants on the Section 605 Communications Act claim. ECF No. 20. Still Defendants did not respond. For the following reasons, the motion is granted in part and denied in part.

## II.     Standard of Review

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Court may enter default judgment at the plaintiff's request and with notice to the defaulting party. Fed. R. Civ. P. 55(b)(2). While the Fourth Circuit maintains a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment may be appropriate where a party is unresponsive, *S.E.C. v. Lawbaugh,* 359 F. Supp. 2d 418, 421 (D. Md. 2005).

When considering a motion for default judgment, the Court accepts as true all well-pleaded factual allegations, other than those pertaining to damages. *See id*. at 422; Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). To determine whether the allegations are well-pleaded, the Court applies the standards announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g., Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 544 (D. Md. 2011). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the Court will not enter default judgment. *Id*. at 545 ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

If the Complaint establishes liability, the Court next turns to damages. Damages are circumscribed by that which is requested in the complaint. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the

pleadings."). The damages request must be supported by evidence introduced either at a hearing or by affidavit or other records. *See id.*; *see also Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 794–95 (D. Md. 2010).

## III. Analysis

### A. Liability

Recognizing that a plaintiff cannot recover under both Sections 553 and 605 of the Communications Act, *see J & J Sports Prods., Inc. v. Royster*, No. RWT-11-1597, 2014 WL 992779, at *2 (D. Md. Mar. 13, 2014), Joe Hand seeks to recover under only Section 605. ECF 20-1 at 14. Section 605 of the Communications Act provides that "[n]o person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person." 47 U.S.C. § 605(a). This provision covers "the unauthorized interception or receipt of 'digital satellite television transmissions'" such as the Event. *J & J Sports Prods., Inc. v. Beer 4 U, Inc.*, No. TDC-18-2602, 2019 WL 5864499, at *3 (D. Md. Nov. 8, 2019) (quoting *J & J Sports Prods., Inc. v. MayrealII, LLC*, 849 F. Supp. 2d 586, 588 n.3 (D. Md. 2012)). To establish liability as to a corporate defendant, Joe Hand must show that "it had the exclusive commercial distribution rights" to the Event, and that El Carbonero exhibited the Event "without authorization." *Beer 4 U*, 2019 WL 5864499, at *3–4.

Accepting the Complaint facts as true, El Carbonero violated Section 605 in broadcasting the Event without a license.[1] It is clear that Joe Hand possessed an exclusive, third-party license from DAZN Limited to distribute broadcast rights to commercial establishments such as El

---

[1] Joe Hand has also submitted affidavits and other supporting documentation, which this Court may consider in resolving the motion. *See* Fed. R. Civ. P. 55(b)(2); *see also Balt. Line Handling*, 771 F. Supp. 2d at 541–45; *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 374 (D. Md. 2012).

Carbonero. *See* ECF No. 20-2. It is equally clear that El Carbonero never obtained a license from Joe Hand before broadcasting the Event on May 7, 2022. ECF No. 1 ¶¶ 22–24; ECF No. 20-8 ¶ 5; ECF No. 20-7. Accordingly, default judgment is granted as to El Carbonero on the Section 605 violation. *Cf. That's Ent., Inc. v. J.P.T., Inc.*, 843 F. Supp. 995, 999 (D. Md. 1993) (holding a corporate defendant liable for the unauthorized broadcast of a boxing match to patrons at its commercial establishment).

As for Adilio and Moreno's individual liability under Secion 605, vicarious liability under the statute extends where an individual defendant maintained the "'right and ability to supervise' the violations, as well as an obvious and direct financial interest in the misconduct." *MayrealII*, 849 F. Supp. 2d at 589 (quoting *J&J Sports Prods., Inc. v. 291 Bar & Lounge, LLC*, 648 F. Supp. 2d 469, 473 (E.D.N.Y. 2009)). To prove vicarious liability as to each individual Defendant, Joe Hand must plead facts which, taken as true, demonstrate that Adilio and Moreno (1) were present at the restaurant when the Event was displayed; (2) personally authorized the interception and display of the Event; (3) authorized advertising of the Event; or (4) imposed a cover charge to profit from the broadcast. *See J&J Sports Prods., Inc. v. Pro St. Shop, LLC*, No. DKC 18-1000, 2019 WL 3290161, at *4 (D. Md. July 22, 2019) (citing *MayrealII*, 849 F. Supp. 2d at 592).

No such facts are before the Court. Joe Hand has instead averred in a conclusory fashion that the Defendants, as co-owners, exerted general "supervisory capacity and control over the activities occurring"; had "close control over the internal operating procedures and employment practices"; and benefitted financially from the restaurant. ECF No. 1 ¶¶ 9–12; *see also* ECF No. 20-1 at 15. This is insufficient to demonstrate how either Defendant participated in any aspect of the promotion or broadcast of the Event sufficient to establish individual liability. *See J&J*

*Sports Prods., Inc. v. Torres*, No. GJH-18-1001, 2019 WL 1384090, at *2 (D. Md. Mar. 27, 2019) (declining to hold individual defendants liable based on similar allegations). Thus, the Court denies the motion as to Adilio and Moreno.

The Court next considers Joe Hand's request for damages as to El Carbonero.

### B.  Damages

Joe Hand seeks a total of $10,000 in statutory damages, only part of which is properly supported. ECF No. 20-1 at 17–19. The Communications Act allows a court to impose "a sum of not less than $1,000 or more than $10,000, as the court considers just," for each violation. 47 U.S.C. § 605(e)(3)(C)(i)(II). The "statutory damages should approximate the amount the Plaintiff is out-of-pocket due to the violation." *Joe Hand Promotions, Inc. v. Luz, LLC*, No. DKC-18-3501, 2020 WL 374463, at *2 (D. Md. Jan. 23, 2020) (quotation omitted).

Joe Hand contends that while the maximum occupancy of El Carbonero is unknown, the Facebook live stream video showed that between 150 and 200 patrons were present in the establishment at the time when the Event was broadcasted. ECF No. 20-1 at 17; ECF No. 20-8 ¶ 12. According to Joe Hand's agreement with DAZN Limited and the accompanying rates for broadcasting the Event to a group of this size, Joe Hand would charge El Carbonero a licensing fee of between $2,700 and $3,550. *See* ECF No. 20-6. Accordingly, the Court awards Joe Hand $3,550 in statutory damages as a rough approximation for the harm the unlicensed broadcast visited on the plaintiff. *See J & J Sports Prods., Inc. v. Plaza Del Alamo, Inc.*, No. TDC-15-0173, 2016 WL 153037, at *3 (D. Md. Jan. 12, 2016).

Joe Hand also seeks $20,000 in enhanced damages. ECF No. 20-1 at 24. Enhanced damages may be awarded up to $100,000 against a defendant who violated the statute "willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C.

§ 605(e)(3)(C)(ii). Several factors guide the propriety of awarding enhanced damages, to include "(1) evidence of willfulness; (2) repeated violations over an extended period of time; (3) substantial unlawful monetary gains; (4) advertising the broadcast; and (5) charging an admission fee or charging premiums for food and drinks." *J & J Sports Prods., Inc. v. Quattrocche*, No. WMN-09-3420, 2010 WL 2302353, at *2 (D. Md. June 7, 2010); *see also J & J Sports Prods., Inc. v. KD Retail, Inc.*, No. PX-16-2380, 2017 WL 1450218, at *2 (D. Md. Apr. 20, 2017).

Applying those factors, the Court awards enhanced damages, albeit less than Joe Hand's requested amount. As to willfulness, the allegations are made in a conclusory manner. *See* ECF No. 1 ¶ 22 (alleging that Defendants exhibited the Event "willfully and for purposes of direct or indirect commercial advantage"). Furthermore, nothing suggests that El Carbonero repeatedly violated the Act over an extended period, made substantial monetary gains, advertised the Event, or imposed a cover charge. That said, El Carbonero chose not to participate in this litigation entirely, reflecting a remarkable unwillingness to comply with the law. On this record, the Court will award $7,100 in enhanced damages, or double the statutory damages imposed. *See G&G Closed Cir. Events, LLC v. Blow Fish House, Inc.*, No. 8:23-0652-PX, 2023 WL 7016350, at *4 (D. Md. Oct. 25, 2023); *Joe Hand Promotions, Inc. v. Aguilar*, No. TDC-19-0458, 2019 WL 4071776, at *3–4 (D. Md. Aug. 29, 2019), *report and recommendation adopted*, No. TDC-19-0458, 2019 WL 5588857 (D. Md. Sept. 20, 2019).

Finally, as the prevailing party, Joe Hand may recover reasonable attorneys' fees and costs. *See* 47 U.S.C. § 605(e)(3)(B)(iii). "The party seeking fees bears the burden of proving the reasonableness of the amount sought." *J & J Sports Prods. v. Mumford*, No. DKC-10-2967, 2013 WL 210623, at *2 (citing *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th

Cir. 2009)). Counsel for Joe Hand seeks a total of $2,197—$1,447 for costs in filing suit and effectuating service of process, and an additional $750 for the cost of VFT's investigation. *See* ECF No. 20-1 at 23; ECF No. 20-3; ECF No. 20-4. Given the nature of this litigation, the Court finds the request reasonable. *See J&J Sports Prods., Inc. v. LaCasa Del Mofongo LLC*, No. 8:18-01283-PX, 2018 WL 6046839, at *3 (D. Md. Nov. 19, 2018), *amended*, No. 8:18-01283-PX, 2019 WL 2142532 (D. Md. May 15, 2019). Accordingly, the Court awards Joe Hand attorneys' fees and costs totaling $2,197.

## IV.  Conclusion

For the above reasons, Plaintiff Joe Hand's default judgment motion is granted in part and denied in part. Judgment is entered in the amount of $12,847 against Defendant El Carbonero. A separate Order follows.

| | |
|---|---|
| June 13, 2024 | /s/ |
| Date | Paula Xinis<br>United States District Judge |